# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**PRESTIGE SUPPLEMENTS, LLC,**
**a Florida limited liability company,**

     **Plaintiff,**

**v.**                           **Case No.  8:17-cv-1938-T-30TBM**

**NORAX SUPPLEMENTS LLC, a Georgia**
**Limited Liability Company, et al.,**

     **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Remand (Dkt. 18) and Defendants' Response in Opposition (Dkt. 21).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

Plaintiff Prestige Supplements, LLC commenced this action on or about March 13, 2017, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. Plaintiff's complaint alleges that it is the sole developer, designer, manufacturer, and retailer of Adderin, a natural dietary supplement brand.  Plaintiff has exclusively sold its Adderin brand on its website since May 2015.  Plaintiff learned that Defendants began either manufacturing or selling imitation Adderin in late 2016.  Defendants have been selling the imitation Adderin product on eBay Inc., an internet marketplace.  The labeling of the

imitation Adderin lists Plaintiff's corporate information, including Plaintiff's customer service telephone number. Plaintiff has not authorized Defendants to manufacture, sell, or otherwise distribute Adderin.

As a result of Defendants' actions, Plaintiff's complaint alleges the following claims: a claim under the Florida Deceptive and Unfair Trade Practices Act (Count I); a claim for Trademark Dilution under Florida law (Count II); a claim for Trademark Infringement under Florida law (Count III); a claim for Unfair Competition under Florida law (Count IV); and a claim for Civil Conspiracy (Count V). With respect to damages, the complaint seeks compensatory damages, "monetary damages," attorney's fees (for the statutory claims that permit an award of prevailing party attorney's fees), and an injunction that would essentially enjoin Defendants from further unauthorized use of Plaintiff's trademark. *See* (Dkt. 2).

On August 15, 2017, Defendants removed the complaint to this Court based on diversity jurisdiction. The notice of removal indicates that the parties are diverse and Plaintiff's damages exceed the amount in controversy. To establish the amount in controversy, Defendants relied upon settlement discussions between the parties. Notably, the settlement discussions addressed the settlement of this case and a related case pending in a Georgia state court.

Plaintiff now moves to remand the case. Plaintiff argues that the removal was untimely—due to a technical issue with all Defendants consenting to the removal—and that, even if the case had been timely removed, Defendants did not establish that the amount in controversy exceeded $75,000.00. Because the Court agrees that Defendants did not

establish an amount in controversy greater than $75,000, the Court declines to address whether the removal was procedurally improper. The Court now turns to the relevant law.

## DISCUSSION

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). When, as here, damages are not specified in the state-court complaint, the defendant seeking removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). If, however, a "plaintiff contests the defendant's allegation... '[R]emoval...is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)); *see also Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look first to the complaint. *Id.* If the amount is unavailable from the complaint alone, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.* In

*Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court within the first thirty days after service is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71. This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

Applying the guidelines set forth in *Roe* and *Pretka,* the Court concludes that Defendants have not met their burden in establishing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. The complaint is virtually silent as to the amount of damages. As a result, Defendants provided evidence of settlement discussions between the parties. But those discussions do not assist the Court because Plaintiff requested damages in the amount of $62,958.00 to settle the lawsuit, which does not meet the threshold. Defendants calculated additional damages on top of the $62,958.00, but these additional amounts are pure speculation and relate to a global settlement of this action and the related Georgia action. The Court cannot consider any damages associated with the Georgia action because it is a separate action. Thus, the only credible calculation of damages in this case is Plaintiff's $62,958.00 settlement demand which, on its face, does not exceed $75,000.

In sum, the evidence Defendants rely upon to establish the amount of controversy is insufficient to show that the damages in this case will exceed $75,000. Even applying the Court's judicial experience and common sense, the Court cannot properly appraise the actual value of Plaintiff's damages. This is so, even assuming Plaintiff would be awarded a reasonable amount of statutory damages, compensatory damages, and attorney's fees. There is simply no competent evidence of Plaintiff's damages in this case.

It is therefore **ORDERED AND ADJUDGED** that:

1.    Plaintiffs' Motion to Remand (Dkt. 18) is granted to the extent that this action will be remanded to state court; the motion is denied to the extent that it seeks attorney's fees related to the remand.

2.    The Clerk of Court is directed to remand this case to the Sixth Judicial Circuit, in and for Pinellas County, Florida, and provide that court with a copy of this Order.

3.    The Clerk of Court is further directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2017.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


Copies furnished to:
Counsel/Parties of Record